UNITED STATES of America, Plaintiff–Appellee,

v.

George Edward DOBBS, Defendant– Appellant.

United States of America, Plaintiff–Appellee,

v.

Raymond Claude Leatham, Defendant–Appellant.

Nos. 03–2688, 03–2762.

United States Court of Appeals, Eighth Circuit.

Submitted: March 4, 2005.

Filed: May 27, 2005.

James E. Ostgard II, argued, Minneapolis, MN, Asst. Federal Public Defender, Daniel M. Scott, argued rebuttal, for appellants.

Assistant U.S. Atty., Michael W. Ward, argued, Minneapolis, MN, for appellee.

Before LOKEN, Chief Judge, BRIGHT, and SMITH, Circuit Judges.

BRIGHT, Circuit Judge.

This case is before us following the order of the Supreme Court remanding the case to us for reconsideration in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

In our prior opinion [1] we affirmed the judgment of the district court [2] finding the

---

1. *United States v. Dobbs,* 105 Fed. Appx. 132 (8th Cir.2004).

2. The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

appellants, Leatham and Dobbs, guilty of mail fraud and sentencing each appellant to be imprisoned for thirty-four months and to pay restitution. In that opinion, we rejected appellants' argument that the verdict was not supported by substantial evidence. We again reject that argument, for the reasons stated in our prior opinion.

We consider now the issues raised by the Supreme Court's decision in *Booker*. The Supreme Court held in *Booker*, first, that a court violates the Sixth Amendment when it makes a factual finding, other than as to the fact of a prior conviction, that increases the statutorily prescribed maximum sentence the defendant may be given. *Id.,* at 749–50. The district court made no such findings in these cases, so there is no constitutional violation here.

The Supreme Court held in *Booker*, second, that the statutory provisions purporting to make the sentencing guidelines mandatory are invalid. *Id.* at 759–60. The guidelines thus are advisory. The district court sentenced both appellants under the mandatory sentencing guidelines. The court thereby erred, though the error did not violate the appellants' Sixth Amendment rights. Because the appellants did not object to the error, however, we review for plain error. *United States v. Pirani,* 406 F.3d 543 (8th Cir. 2005).

We have held that sentencing error established under *Booker* does not warrant relief under the plain error standard unless there is some affirmative indication in the record—beyond a sentence at the bottom of the appropriate sentencing guideline range—that the sentencing judge would have imposed a more lenient sentence if the judge had understood the guidelines as advisory rather than mandatory. *Pirani,* 406 F.3d at 552–53. We have searched the record in these cases— including the transcript of the sentencing hearings—and we find no such affirmative indication. Under the *Pirani* plain error standard, therefore, we may not vacate the sentences and remand for resentencing.[3]

Accordingly, the judgments of the district court are affirmed.

---

3. As noted in *Pirani,* other federal appellate courts have adopted a less restrictive view of plain error review under *Booker* than the rule established in this circuit in *Pirani*. This panel is obligated to apply the *Pirani* rule unless and until the Supreme Court resolves the conflicting rules of the circuits contrary to our approach.